MESRIANI LAW GROUP
Rodney Mesriani (SBN 184875)
rodney@mesriani.com
Sevana Nourian (SBN 353886)
sevana@mesriani.com
510 Arizona Avenue,
Santa Monica, CA 91401
Telephone: (310) 826-6300
Facsimile: (310) 820-1258

Attorneys for Plaintiff
PAMELA ROLLE

SEYFARTH SHAW LLP
Heriberto Alvarez, Jr. (SBN 307048)
halvarez@seyfarth.com
Julia S. Gordon (SBN 357186)
jsgordon@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
ALASKA AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ROLLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., a California Corporation; ALEXIS NOLEN, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-09167-MCS-MAR<br><br>**JOINT STIPULATION TO CONTINUE TRIAL AND OTHER PRETRIAL DEADLINES**<br><br>Complaint Filed: July 31, 2025<br>Removal Filed: September 25, 2025<br><br>Trial: November 17, 2026 at 8:30 a.m.<br>Final Pretrial Conference: November 2, 2026 at 2:00 p.m. |

JOINT STIPULATION TO CONTINUE TRIAL AND OTHER PRETRIAL DEADLINES

325952726v.1

**TO THE HONORABLE COURT:**

Pursuant to the Court's Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi, Plaintiff Pamela Rolle ("Plaintiff") and Defendant Alaska Airlines, Inc. ("Defendant"), by and through their counsel of record, hereby stipulate and agree as follows. This stipulation is supported by the concurrently filed Declaration of Heriberto Alvarez, Jr. ("Alvarez Decl.") and Declaration of Sevana Nourian ("Nourian Decl."), both incorporated herein by reference.

1.    WHEREAS, on July 31, 2025, Plaintiff filed her complaint against Defendant in Los Angeles County Superior Court;

2.    WHEREAS, on September 25, 2025, Defendant removed this case from the Los Angeles County Superior Court to the U.S. District Court for the Central District of California (ECF No. 1);

3.    WHEREAS, on December 2, 2025, this Court issued an Order re: Jury Trial where it, *inter alia*, set a trial in this matter for November 17, 2026 (ECF No. 13);

4.    WHEREAS, the parties have litigated this matter diligently from inception and are currently engaged in discovery (*see* Alvarez Decl. ¶ 3);

5.    WHEREAS, Defendant is preparing its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and expects to timely file the motion by the June 15, 2026 deadline (*see* Alvarez Decl. ¶ 4);

6.    WHEREAS, on May 15, 2026, the parties met and conferred telephonically regarding a potential resolution of this matter and discussed the potential for mediation to achieve an informal resolution (*see* Alvarez Decl. ¶ 5; Nourian Decl. ¶ 3);

7.    WHEREAS, the parties then continued to meet and confer regarding a potential resolution of this matter and have now agreed to a full-day mediation session for July 10, 2026 with Christopher M. Barnes, a well-respected and experienced mediator in employment cases (*see* Alvarez Decl. ¶ 6; Nourian Decl. ¶ 3);

1

JOINT STIPULATION TO CONTINUE TRIAL AND OTHER PRETRIAL DEADLINES

325952726v.1

8.    WHEREAS, due to the upcoming deadlines, the parties are nonetheless preparing in earnest to finalize discovery and brief a dispositive motion that Defendant expects to file by the June 15, 2026 deadline (*see* Alvarez Decl. ¶¶ 4, 7);

9.    WHEREAS, the non-expert discovery cut-off of June 15, 2026 is less than four weeks away, and Plaintiff has requested but not yet been able to schedule the depositions of at least one Defendant fact witness and Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6); these depositions are material to Plaintiff's claims and essential to meaningful preparation for both the July 10, 2026 mediation and any opposition to a motion for summary judgment; under the current schedule, Plaintiff faces the prospect of either completing these depositions on an expedited and potentially unworkable timeline or being foreclosed from doing so entirely, either of which would substantially prejudice Plaintiff's ability to present her claims at mediation and at trial (*see* Alvarez Decl. ¶ 3; Nourian Decl. ¶¶ 4–5);

10.    WHEREAS, on May 21, 2026, counsel for the parties conferred following the Court's denial of the prior proposed order, and defense counsel advised that, absent a continuance, Defendant must continue preparing its motion for summary judgment immediately in order to meet the June 15, 2026 filing deadline; accordingly, full briefing on that motion — including Plaintiff's opposition and Defendant's reply — will be due and substantially pending at the time of the July 10, 2026 mediation; requiring both parties to simultaneously litigate a dispositive motion and prepare for mediation will materially impair each side's ability to devote the preparation and attention necessary for a productive mediation session; moreover, should the case resolve at mediation, the Court's own resources will have been unnecessarily expended on a motion rendered moot by settlement (*see* Nourian Decl. ¶ 3);

11.    WHEREAS, after meeting and conferring, the parties agree that good cause exists for a continuance of the trial and pretrial deadlines, including the Federal Rule of Civil Procedure 56-hearing deadline, because: (a) critical party depositions cannot be completed under the current schedule without substantial prejudice to Plaintiff (*see*

2

325952726v.1

Nourian Decl. ¶¶ 4–5); (b) the current MSJ briefing timeline runs directly concurrent with — and will undermine — the parties' scheduled mediation (*see* Alvarez Decl. ¶¶ 7–8; Nourian Decl. ¶ 3); and (c) a continuance is essential, not merely beneficial, to permit both the completion of necessary discovery and a meaningful opportunity to resolve this matter without further expenditure of party and judicial resources; and

12. WHEREAS this is the parties' first stipulation to continue trial and pretrial deadlines, and the Court has not previously continued the trial or pretrial deadlines (*see* Alvarez Decl. ¶ 9; Nourian Decl. ¶ 6).

NOW, THEREFORE, IT IS HEREBY STIPULATED between the parties, by and through their respective counsel of record, and subject to an order from the Court, that:

1. The trial date and pretrial deadlines shall be continued by at least 180 days.

2. The parties propose that the deadlines be reset as follows, pending the Court's availability:

| Trial and Pretrial Deadlines | | |
| --- | --- | --- |
| Event | Current Deadline | Proposed New Deadline |
| Non-Expert Discovery Cut-Off | June 15, 2026 | December 11, 2026 |
| Expert Disclosure (Initial) | June 8, 2026 | December 4, 2026 |
| Expert Disclosure (Rebuttal) | June 29, 2026 | December 24, 2026 |
| Expert Discovery Cut-Off | July 20, 2026 | January 15, 2027 |
| Last Day to Hear Rule 56 Motions | July 20, 2026 | January 15, 2027 |
| Deadline to Complete Settlement Conference via Court's Mediation Panel | August 3, 2026 | January 29, 2027 |
| Final Pretrial Conference | November 2, 2026 at 2:00 p.m. | May 3, 2027 at 2:00 p.m. |
| Jury Trial | November 17, 2026 at 8:30 a.m. | May 18, 2027 at 8:30 a.m. |

IT IS SO STIPULATED

3

325952726v.1

**Attestation.** Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 21, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Heriberto Alvarez, Jr.*
Heriberto Alvarez, Jr.
Julia S. Gordon

Attorneys for Defendant
ALASKA AIRLINES, INC.

DATED: May 21, 2026

Respectfully submitted,

MESRIANI LAW GROUP

By: /s/ Sevana Nourian
Rodney Mesriani
Sevana Nourian

Attorneys for Plaintiff
PAMELA ROLLE

JOINT STIPULATION TO CONTINUE TRIAL AND OTHER PRETRIAL DEADLINES

325952726v.1