UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-09167-MCS-MAR** | Date | May 26, 2026 |
| Title | ***Rolle v. Alaska Airlines, Inc.*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: STIPULATION TO CONTINUE TRIAL AND OTHER PRETRIAL DEADLINES (ECF NO. 18)**

The parties stipulate to continue trial and the balance of the case schedule by six months. (Stip., ECF No. 18.) This follows a stipulation seeking the same relief that the Court summarily denied. (Order, ECF No. 17.) The parties explain that they have not completed discovery and would prefer to reorient the schedule around their anticipated mediation on July 10, 2026—that is, after June 15, 2026, the current discovery cut-off and deadline to file summary judgment motions. (Stip. ¶¶ 7–10; *see* Order Re: Jury Trial § I, ECF No. 13.)

The Court denies the stipulation for failure to present cause for reconsideration of the Court's order denying the prior stipulation. C.D. Cal. R. 7-18. The Court further denies the stipulation for failure to present good cause for a continuance. "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be

---

met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Here, the Court set the case schedule over five months ago. (*See* Order Re: Jury Trial (filed Dec. 2, 2025).) The parties offer no reason why outstanding depositions cannot be completed within the current schedule. Nor does the scheduling of a mediation provide good cause for a continuance; the parties waited until May to schedule a July mediation knowing full well that discovery was set to close in June. (Alvarez Decl. ¶¶ 5–6, ECF No. 18-1; Nourian Decl. ¶ 3, ECF No. 18-2.) With the exercise of reasonable diligence, the parties could have scheduled a mediation earlier in the discovery period if they wanted to mediate before completing discovery or briefing summary judgment motions. Fact discovery closes in a few weeks, (*see* Order Re: Jury Trial § I), but the parties have yet to take at least two depositions material to summary judgment and the mediation, (*see* Alvarez Decl. ¶ 3; Nourian Decl. ¶¶ 4–5). The Court will not rescue the parties from their failure to work within the Court's reasonable schedule and heed the Court's admonishment that the schedule is "firm and will rarely be changed." (Initial Standing Order § 4, ECF No. 8.)

The stipulation is denied. The Court warns the parties that fact discovery may not be taken after the June 15 cut-off, even by mutual agreement of the parties. *See* Fed. R. Civ. P. 29(b); *Marathon Petrol. Co. LP v. Nour Invs., Inc.*, 8:23-cv-01501-MCS-ADS, 2024 U.S. Dist. LEXIS 135952, at *4 (C.D. Cal. July 22, 2024) (Scarsi, J.) (ordering parties to show cause why they should not be sanctioned after apparently disobeying scheduling order by taking fact discovery after cut-off).

**IT IS SO ORDERED.**